UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| LINDA K. BERGE,<br><br>      Plaintiff,<br><br>      v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>      Defendant. | Case No. EDCV 07-00649 AJW<br><br>MEMORANDUM OF DECISION |

Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for supplemental security income ("SSI") benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

The parties are familiar with the procedural facts, which are summarized in the Joint Stipulation. [See JS 2]. Plaintiff filed a prior application for SSI benefits that was finally denied on May 3, 2002. On the same date, plaintiff filed a new application for SSI benefits. [JS 2; Administrative Record ("AR") 415]. The later application was finally denied in a written hearing decision by an administrative law judge (the "ALJ") dated October 3, 2004. [JS 2; AR 322-325, 335-343]. The ALJ found that plaintiff had severe impairments consisting of degenerative lumbar disc disease with bilateral spondylosis central canal stenosis,

obesity, anxiety disorder not otherwise specified, alcohol abuse, history of panic attacks and neck pain, but that she retained the residual functional capacity ("RFC") to perform alternative work. [AR 342].

## Standard of Review

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Stout v. Comm'r Social Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)(internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Soc. Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999)).

## Discussion

**Appeals Council's consideration of mental health evaluations**

Plaintiff contends that the Appeals Council erred in concluding, without specifying reasons, that a report from plaintiff's primary care physician, Dr. Sean Thomas, provided no basis for changing the ALJ's decision. [JS 3-4].

Plaintiff submitted to the Appeals Council an "Authorization to Release Medical Information" dated August 2, 2006. [AR 668]. That form indicated that it was for use by "the county welfare department" and included a section seeking information from the treatment provider "needed to evaluate eligibility for public assistance for the person named above and to determine [her] work assignment." [AR 668]. On that form, Dr. Thomas indicated that plaintiff had a chronic "medically verifiable condition" that would "limit or prevent" her from "performing certain tasks," and that her condition had started in 1999. [AR 668]. The report states that plaintiff was actively seeking treatment and that she was unable to work. [AR 668].

The Commissioner's regulations state that

[i]f new and material evidence is submitted to the Appeal, the Appeals Council shall

1     consider the additional evidence only where it relates to the period on or before the date of
2     the administrative law judge hearing decision. The Appeals Council shall evaluate the entire
3     record including the new and material evidence submitted if it relates to the period on or
4     before the date of the administrative law judge hearing decision. It will then review the case
5     if it finds that the administrative law judge's action, findings, or conclusion is contrary to the
6     weight of the evidence currently of record.

20 C.F.R. §§ 404.970, 416.1470.

The Appeals Council denied plaintiff's request for review in a written "Notice of Appeals Council Action" ("Notice") dated March 27, 2007. [AR 322-325]. The Notice states that the Appeals Council "considered the additional evidence listed on the enclosed Order of Appeals Council." [AR 5]. That order lists the August 2, 2006 statement from Dr. Thomas. [AR 325].

There is no merit to plaintiff's argument that the Appeals Council improperly rejected Dr. Thomas's August 2006 disability opinion. First, that opinion post-dates the ALJ's unfavorable decision by nearly two years. Therefore, that additional evidence does not relate "to the period on or before the date" of the ALJ's decision and is not "material." See 20 C.F.R. § 404.970, 416.970; Sanchez v. Sec'y of Health and Human Servs., 812 F.2d 509, 511-12 (9th Cir. 1987) (holding that new evidence indicating deterioration in the claimant's condition after the hearing was not material to the ALJ's decision denying benefits because it was not probative of plaintiff's condition at or before his disability hearing).

Second, the Appeals Council is not obliged to make findings explaining its evaluation of the evidence unless it reviews the ALJ's decision and issues its own decision. When the Appeals Council denies review, as it did in this case, the ALJ's decision stands as the final decision of the Commissioner, and only that decision (not the Appeals Council's action in denying review) is subject to judicial review. See 20 C.F.R. §§ 404.967, 404.970, 404.979, 404.981; see generally 42 U.S.C. § 405(g).[1] Thus, there is no merit to plaintiff's contention that the Appeals Council erred in failing to articulate adequate reasons supporting

---

[1] A federal court reviewing the ALJ's decision considers all of the evidence in the record, including any evidence made a part of the record after submission to the Appeals Council. See Ramirez v. Shalala, 8 F.3d 1449, 1451-1452 (9th Cir. 1993). That does not mean, however, that the court has jurisdiction to review the Appeal Council's denial of review.

3

its decision that the additional evidence did not justify granting review.

Third, plaintiff has made no attempt to show that the Appeals Council was wrong as a substantive matter in concluding that Dr. Thomas's August 2006 opinion warranted no change in the ALJ's decision. Dr. Thomas did not provide any diagnosis or even a description of plaintiff's chronic and disabling medical condition. He did not specify any clinical findings or objective data to support his disability opinion. He did not catalogue any subjective symptoms. In short, Dr. Thomas's opinion was devoid of clinical support and wholly conclusory. See Thomas, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

Fourth, the ALJ considered and discussed Dr. Thomas's treatment records pertaining to the relevant period, and he also rejected February 2004 and August 2004 disability opinions from Dr. Thomas [AR 637, 651] that were submitted on the same form and were similar to the one plaintiff contends that the Appeals Council improperly rejected.[2] [AR 337, 339]. Plaintiff has not challenged the ALJ's rejection of those earlier disability opinions from Dr. Thomas or the ALJ's evaluation of the medical opinion evidence as a whole. Plaintiff's failure to do so constitutes a waiver of those issues in this action for judicial review. See Greger v. Barnhart, 464 F.3d 968, 973 (9th Cir. 2006)(holding that the claimant waived issues because he did not raise those issues before the district court); Bergfeld v. Barnhart, 361 F.Supp.2d 1102, 1110 (D. Ariz. 2005)("A reviewing federal court will only address the issues raised by the claimant in his appeal from the ALJ's decision.")(citing Lewis v. Apfel, 236 F.3d 503, 517 n.13 (9th Cir.2001)).

In the circumstances of this case, there is no "manifest injustice" in a finding a waiver. See Greger, 464 F.3d at 973 (stating that the court will only excuse failure to comply with the rule that issues may not be raised for the first time on appeal when a recognized exception applies and excusing compliance is "necessary to avoid a manifest injustice")(quoting Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999)).

---

[2] Those three disabilty opinions were similar, but not entirely consistent. On the February 2004 disability form, Dr. Thomas stated that plaintiff's disabling condition began in 1997 and was chronic. [AR 637]. On the August 2004 form, he stated that plaintiff's disabling condition began in 2004 and was "acute, expected to last until February 10, 2005." [AR 651]. On the August 2006 form submitted to the Appeals Council, Dr. Thomas stated that plaintiff's disabling condition began in 1999 and was chronic. [AR 668].

Plaintiff is represented by counsel in this case, and a different lawyer represented her during the administrative hearing. [AR 672-742]. She has had ample opportunity to raise and brief any issues she deemed meritorious.³

For all of these reasons, plaintiff's contentions with respect to the Appeals Council's rejection of Dr. Thomas's opinion lack merit.

**Credibility finding**

Plaintiff also contends that the ALJ erred because he "merely summarized" plaintiff's testimony about her subjective symptoms and limitations and did not make any findings. [JS 10-11].

Once a disability claimant produces evidence of an underlying physical or mental impairment that is reasonably likely to be the source of her subjective symptoms, the adjudicator is required to consider all subjective testimony as to the severity of the symptoms. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); see also 20 C.F.R. §§ 404.1529(a), 416.929(a) (explaining how pain and other symptoms are evaluated). Although the ALJ may then disregard

---

³ Without abrogating that waiver, no basis exists in the record for concluding that reversal of the ALJ's decision would be warranted absent plaintiff's waiver of any defects in the ALJ's evaluation of Dr. Thomas's 2004 disability opinions. The ALJ observed that Dr. Thomas's disability opinions and concurrent treatment notes did not document significant clinical findings or objective evidence supporting his disability assessment. [AR 337, 339]. See Thomas, 278 F.3d at 957. The ALJ noted that Dr. Thomas prescribed anti-anxiety medication for plaintiff but did not refer plaintiff to a specialist for mental health treatment. [AR 339]. The ALJ also noted that when plaintiff asked Dr. Thomas to fill out social security disability paperwork for her in December 2003, Dr. Thomas commented in a progress note that there had been "no significant improvement or changes" in her condition, which a prior ALJ found not disabling in a final, unappealed hearing decision denying benefits. [AR 337]. See Schneider v. Comm'r of Social Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000)(explaining that a final determination that a claimant is not disabled creates a presumption that the claimant retains the ability to work after the date of the prior administrative decision). The ALJ permissibly discounted Dr. Thomas's 2004 disability opinions because the State of California form on which he submitted those opinions on its face used a different standard of disability, and the form's terminology was "overbroad and vague." [AR 339]. Cf. McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002) (holding that due to "marked similarities" between the two programs, Veteran's Administration ("VA") disability ratings ordinarily are entitled to great weight in social security disability proceedings but do not compel the same result because the programs are not identical). The ALJ permissibly relied on the independent clinical findings and conclusions of the examining physicians and on the medical expert's testimony. See generally 20 C.F.R. §§ 404.1527(d), 416.927(d)(describing factors used to weigh medical opinions); Lester v. Chater, 81 F.3d 821, 830-831 (9th Cir. 1995)(describing legal standards used to weigh medical opinions).

the subjective testimony he considers not credible, he must provide specific, convincing reasons for doing so. Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001); see also Moisa, 367 F.3d at 885 (stating that in the absence of evidence of malingering, an ALJ may not dismiss the subjective testimony of claimant without providing "clear and convincing reasons"). The ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa, 367 F.3d at 885. If the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

In evaluating subjective symptom testimony, the ALJ must consider "all of the evidence presented," including the following factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of pain and other symptoms; (3) precipitating and aggravating factors, such as movement, activity, and environmental conditions; (4) the type, dosage, effectiveness and adverse side effects of any pain medication; (5) treatment, other than medication, for relief of pain or other symptoms; (6) any other measures used by the claimant to relieve pain or other symptoms; and (7) other factors concerning the claimant's functional restrictions due to such symptoms. See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); see also Social Security Ruling 96-7p, 1996 WL 374186, at *3 (clarifying the Commissioner's policy regarding the evaluation of pain and other symptoms). The ALJ also may employ "ordinary techniques of credibility evaluation," considering such factors as (8) the claimant's reputation for truthfulness; (9) inconsistencies within the claimant's testimony, or between the claimant's testimony and the claimant's conduct; (10) a lack of candor by the claimant regarding matters other than the claimant's subjective symptoms; (11) the claimant's work record; and (12) information from physicians, relatives, or friends concerning the nature, severity, and effect of the claimant's symptoms. See Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997); Fair v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989).

The ALJ did not arbitrarily discredit plaintiff's subjective complaints. The ALJ noted that although plaintiff testified that she had frequent, severe panic attacks, she did not use her prescribed medication or seek other psychological treatment appropriate for her alleged symptoms. Instead, she "continues to drink at least the three to four alcoholic drinks a day she had admitted to and use relaxation tapes." [AR 340, 677-683]. Meanel, 172 F.3d at 1114 (explaining that the ALJ properly considered, as part of his credibility

evaluation, the treating physician's failure to prescribe, and the claimant's failure to request, medical treatment commensurate with the alleged severity of the claimant's subjective symptoms). Plaintiff made some inconsistent representations about her ability to tolerate driving distances because of her mental symptoms. Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) (holding that the ALJ's credibility assessment was supported by gaps in the treatment history, inconsistencies in the claimant's testimony, and contradictions between her testimony and the medical evidence). The ALJ pointed to the dearth of objective medical evidence to corroborate plaintiff's subjective limitations, and he observed that plaintiff was "rather active" on a daily basis and had a "fairly normal level of functioning" despite her alleged symptoms. [AR 340]. Plaintiff's activities included taking care of her two school-aged sons, aged 13 and 14; cooking their meals; doing the family's laundry; keeping her apartment "spotless" by cleaning, dusting, vacuuming, and doing dishes; shopping at local stores; visiting with her mother, daughter, and grandsons; watching television; crocheting; and reading. [AR 340, 728-732]. See Burch, 400 F.3d at 681 (noting that while a lack of medical evidence cannot form the sole basis for discounting subjective symptoms, it is a factor that the ALJ can consider), Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (per curiam) (holding that the ALJ properly discredited the plaintiff's subjective complaints based on the lack of objective evidence to support claims of pain and weakness, the plaintiff's performance of household chores such as cooking, doing the dishes, going to the store, visiting relatives, and driving). The ALJ also remarked that plaintiff's past work record was spotty despite her portrayal of herself as hardworking. [AR 340]. Schaal v. Apfel, 134 F.3d 496, 502 (2nd Cir. 1998)(explaining that a poor work history may be considered in evaluating a claimant's credibility). Considering the record as a whole, the ALJ did not err in finding plaintiff's subjective complaints less than totally credible, and he provided clear and convincing reasons to support his credibility finding.

**Hypothetical question**

Plaintiff contends that the ALJ's hypothetical questions were deficient because they did not include limitations of right lower extremity pain and daily anxiety attacks. [JS 15].

The ALJ's job at the fifth step in the sequential evaluation procedure is to pose hypothetical questions that set out all of the claimant's impairments for the consideration of the vocational expert, who then "translates these factual scenarios into realistic job market probabilities. . . ." Tackett v. Apfel, 180

7

F.3d 1094, 1101 (9th Cir. 1999). Hypothetical questions posed to the vocational expert must accurately describe all of the limitations and restrictions of the claimant that are supported by substantial evidence in the record. Robbins, 466 F.3d at 886; Tackett, 180 F.3d at 1101. A vocational expert's response to a hypothetical question constitutes substantial evidence only if it is supported by the medical evidence. Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). The ALJ's failure to include properly supported limitations in a hypothetical question on which the vocational expert's testimony is based is not harmless error if a "proper hypothetical would have included limitations which, the record suggests, would have been determinative as to the vocational expert's recommendation to the ALJ." Robbins, 466 F.3d at 886.

In assessing plaintiff's RFC, the ALJ properly weighed the medical evidence and plaintiff's subjective testimony. He posed a hypothetical question to the vocational expert that was consistent with his RFC finding. That hypothetical question posited an individual who could perform a restricted range of light work with a sit-stand option, had some postural and environmental limitations, could not perform prolonged driving, and needed to avoid use of an elevator or public transportation as part of her job duties. The hypothetical individual was limited to four-to five-step moderately complex work in a habituated work setting involving no safety operations and requiring only occasional hypervigilance. [AR 737-739].

The ALJ posed a complete hypothetical question to the vocational expert that accurately reflected the limitations supported by substantial evidence in the record. The ALJ permissibly relied on the vocational expert testimony that the hypothetical person could perform the jobs of bench assembly worker, mail clerk, and hand packager, and that even with erosion of the occupational base, those jobs exist in significant numbers in the national economy.

## Conclusion

For the reasons stated above, the Commissioner's decision is supported by substantial evidence and reflects the application of the proper legal standards. Accordingly, the Commissioner's decision is **affirmed.**

**IT IS SO ORDERED.**

DATED: May 16, 2008

                                                           /s/
                                          ANDREW J. WISTRICH
                                          United States Magistrate Judge